IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FREDERICK H. LANGE, III,    :

    Petitioner,    :

v.    :    CIVIL ACTION 10-0093-KD-M

WARDEN HETZEL,    :

    Respondent.    :

## REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Warden Hetzel and against Petitioner Frederick H. Lange, III pursuant to 28 U.S.C. § 2244(d).

    Petitioner was convicted of murder in the Baldwin County Circuit Court on October 18, 2002 for which he received a life sentence, without the possibility of parole, in the state penitentiary (*see* Docs. 1, 18). On June 18, 2004, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 18, Exhibit C; *see* Doc. 18, p. 3). Lange filed petition for

*certiorari* which was denied by the Alabama Supreme Court (Doc. 18, Exhibit E); the certificate of final judgment was entered on September 20, 2004 (Doc. 18, Exhibit F).

Petitioner filed a Rule 32 petition on January 11, 2006 in the Baldwin County Circuit Court which was denied on July 7, 2006 (Doc. 18, Exhibit G, pp. 2-10, 22); Lange did not appeal the denial (*see* Doc. 18, p. 3). Petitioner filed a second Rule 32 petition on December 12, 2006 which was denied on July 31, 2007 (Doc. 18, Exhibit G, pp. 30-46, 53).

Petitioner filed a complaint with this Court on February 24, 2010 raising the single claim that he was incompetent to stand trial (Doc. 1). Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 18, pp. 5-7). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

2

The AEDPA became effective on April 24, 1996.

Petitioner's conviction became final on September 20, 2004, the day on which the certificate of judgment was entered (Doc. 18, Exhibit F). Lange then had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, so those ninety days do not count against him--whether he actually sought review or not. *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001). When ninety days are added to September 20, 2004, the result is December 19, a Sunday, so the statute of limitations clock began to run on December 20, 2004 and Petitioner's last date to file a petition in this court was December 20, 2005.

Petitioner's habeas corpus petition was not filed in this Court until February 24, 2010, more than four years after the grace period had expired. Petitioner had filed a Rule 32 petition in state court on January 11, 2006, more than a month after the grace period had expired. The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's Rule 32 petition was filed too late to toll the statute.

Lange has not disputed the tardiness of his petition, but asserts that he has only recently discovered that he was

incompetent at trial (Docs. 1, 20). More specifically, Petitioner has asserted that he was diagnosed to be bipolar at the time that he stood trial, though he was really suffering from schizophrenia and has only recently become aware of this through medications (Doc. 1, p. 6). Respondent has asserted that "[o]n August 12, 2002, after being evaluated at Taylor Hardin Secure Medical Facility, Lange was determined competent to stand trial. (Exhibit B, C. 82-93)" (Doc. 18, p. 2).[1]

Petitioner was obviously aware that he stood trial and was convicted and sentenced for murder. Lange, as a *pro se* petitioner, challenged his conviction in two separate Rule 32 petitions. There is nothing in the evidence to suggest that Petitioner was not competent to stand trial or that his mental defect should excuse his extreme lateness in bringing this action.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Warden Hetzel and against

---

[1] Respondent has not made the cited material available to the Court to support this statement.

Petitioner Frederick H. Lange, III pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or


5

that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Lange is more than four years late in bringing this action to this Court, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Lange should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## **CONCLUSION**

The Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 4th day of June, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE